United States District Court
Southern District of Texas

**ENTERED**
March 05, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **OSMAN OMER HASHIM-MOHAMED,** | § | |
| Petitioner, | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-00222** |
| | § | |
| **PAMELA BONDI,** *et al.*, | § | |
| Respondents. | § | |

## ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. No. 1), and Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus, (Dkt. No. 10). Petitioner is pro se and challenges his continued detention in federal immigration custody.

Respondents move to dismiss the petition, citing Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Respondents attach evidence to the motion including: (1) Declaration of Deportation Officer Robert Taylor Jr.; (2) a Decision to Continue Detention dated July 25, 2025; (3) Petitioner's final order of removal to Sudan dated April 4, 2025; and (4) Petitioner's Notice to Appear dated November 21, 2024. (Dkt. No. 10-1).

The Federal Rules of Civil Procedure (FRCP) may apply in habeas corpus proceedings. Rules Governing Section 2254 Cases 1(b), 12 (applying Section 2254 Rules to other habeas corpus petitions and then applying the FRCP to these rules). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). As a general rule, when considering motions to dismiss made pursuant to Rule 12(b)(6), a Court may not consider matters outside of the pleadings. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). Instead, the Court must look only to the pleadings and must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Zastrow v. Hous. Auto Imports Greenway Ltd.*, 789 F.3d 553, 559 (5th Cir. 2015).

If, however, matters outside of the pleadings are presented to the Court in a motion to dismiss, and the Court considers the extrinsic matters, the motion must be

treated as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *see also Grynberg v. BP P.L.C.*, 855 F. Supp. 2d 625, 647–48 (S.D. Tex. 2012). Rule 12(d) requires that the parties "be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

To their motion, Respondents attach several documents outside of the pleadings. (Dkt. No. 10-1). The Court will consider the evidence attached to the motion, so the Court converts Respondents' motion to a motion for summary judgment. Accordingly, the Court will give Petitioner a reasonable opportunity to present material relevant to the motion. Respondents will be permitted to file a reply **within one week** of Petitioner's filing of the response.

Recognizing that Petitioner is pro se, the Court provides Petitioner with the following instructions for filing a response:

1. Your response is due by **March 26, 2026**, unless you file a motion requesting more time to file your response. Petitioner's response will be considered timely so long as it is mailed by this date.

2. Label your response "Petitioner's Response to Respondents' Motion for Summary Judgment" and include the correct Civil Action Number as shown above in the style of this case.

3. Provide any response and evidence that you would like to include that responds to Respondents' motion. Respondents are arguing that your case should be dismissed because there is a significant likelihood of your removal to Sudan in the reasonably foreseeable future. State whether you agree or disagree with this, explain why, and attach any evidence that you have to support your statements. You have stated that ICE was unable to deport you due to "the current war that is in Sudan." Please provide as many details as you can about the war and why it prevents your removal.

4. Type or hand write your responses to the motion. Legal research is not required.

5. You must also sign the response and include somewhere in your response the following affirmation: "I swear under penalty of perjury that these statements are true and correct to the best of my knowledge." Any statements that you make under penalty of perjury will become evidence that the Court can consider.

Accordingly, the Court will convert Respondents' motion, (Dkt. No. 10), to a motion for summary judgment. Petitioner is **ORDERED** to file a response to the motion by **March 26, 2026**. Respondents may file a reply **within one week** of Petitioner's filing of the response.

Additionally, the Court clarifies its prior order requiring notice of transfer or removal, (Dkt. No. 6), so that Respondents do not further delay Petitioner's removal as a result of this case. While the petition and Respondents' motion are pending, **Respondents are not enjoined** from removing or transferring Petitioner. Rather, Respondents are only ordered to provide five days' notice to Petitioner and the Court before any such transfer or removal.

The Clerk of Court is **DIRECTED** to promptly mail this Order to Osman Omer Hashim-Mohamed, by regular mail and any receipted means, at the following address:

La Salle County Regional Detention Center,

832 E Texas State Highway 44,

Encinal, TX 78019.

It is so **ORDERED**.

**SIGNED** on March 5, 2026.

John A. Kazen
United States District Judge

3 / 3